DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} The State has appealed from the judgment of the Summit County Court of Common Pleas that dismissed with prejudice its case against Appellee, Nathaniel Grundy. This Court reverses.
 I. {¶ 2} On May 31, 2005, Appellee was indicted for domestic violence in violation of R.C. 2919.25(A), a felony of the third degree. Appellee pled not guilty to the charge and the matter was set for trial on August 4, 2005. On the day of trial, the State orally moved to dismiss the indictment without prejudice. Notwithstanding the State's motion, the trial court ordered that the indictment against Appellee be dismissed with prejudice. The State has timely appealed the trial court's judgment, asserting one assignment of error.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT PREJUDICIALLY ERRED WHEN IT DISMISSED THE INDICTMENT WITH PREJUDICE."
 {¶ 3} In its sole assignment of error, the State asserts that the trial court erred when it dismissed the case against Appellee with prejudice. Specifically, the State argues that the trial court erred when it dismissed the case with prejudice because the State's motion was to dismiss the case without prejudice.
We agree.
 {¶ 4} As an initial matter, this Court notes that Appellee failed to file an appellate brief in the instant appeal. Therefore, "[p]ursuant to App.R. 18(C), this Court may accept the Appellant's statement of the facts and issues as presented in Appellant's brief as correct and reverse the judgment of the trial court if [Appellant's] brief reasonably appears to sustain such action." Bank of New York v. Smith, 9th Dist. No. 21534, 2003-Ohio-4633, at ¶ 2.
 {¶ 5} Pursuant to Crim.R. 48(A):
"The state may by leave of the court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate."
When the State makes a motion to dismiss a case pursuant to Crim.R. 48(A), a trial court has two options: 1) grant said motion; or 2) deny it and order the case to proceed to trial. See Id.; State v. Smith (Jan. 3, 1990), 9th Dist. No. 2493, at *3. To dismiss a case with prejudice on a Crim.R. 48(A) motion, a trial court must find "a deprivation of a defendant's constitutional or statutory rights, the violation of which would, in and of itself, bar further prosecution." State v. Dixon
(1984), 14 Ohio App.3d 396, 397.
 {¶ 6} A review of the transcript reveals that the State moved to dismiss the charges because it was unable to obtain service on the victim. The record does not contain the trial court's reasons for dismissing the case with prejudice. In its journal entry filed August 9, 2005, the trial court stated the following:
"In this case the Court, on its own motion, dismisses the case with prejudice. The State objects to the Dismissal with Prejudice."
 {¶ 7} Based on a review of the record and the facts and issues as presented by the State, we find that the trial court was not within its discretion when it dismissed the indictment with prejudice. The transcript demonstrates that the State made a motion to dismiss the case without prejudice, which is proper under Crim.R. 48(A). Notwithstanding the State's motion, the trial court dismissed the case with prejudice. Upon the trial court's announcement of dismissal with prejudice, the State noted as follows:
"And, Your Honor, just for the record, the State would object to it being dismissed with prejudice pursuant to our discussions in chambers."
 {¶ 8} We find that based on the motion before the trial court and the record before us, the trial court had no authority to dismiss the case with prejudice. The record shows no evidence or claim of constitutional or statutory violations of Appellee's rights. If the trial court determined that the State's motion should be denied, it would have been appropriate to proceed to trial. See State v. Robinson, 9th Dist. No. 22225,2005-Ohio-269, at ¶ 9. Accordingly, the State's sole assignment of error is sustained.
 III. {¶ 9} The State's sole assignment of error is sustained. The judgment of the trial court is reversed and the cause is remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Slaby, P.J., Whitmore, J. concur.