[Cite as *State v. Bales*, 195 Ohio App.3d 538, 2011-Ohio-5336.]

STATE OF OHIO       )                IN THE COURT OF APPEALS
)ss:           NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN   )

THE STATE OF OHIO,                C.A. No.      10CA009943

     Appellant,

     v.                                 APPEAL FROM JUDGMENT
                                      ENTERED IN THE
BALES,                           COURT OF COMMON PLEAS
                                      COUNTY OF LORAIN, OHIO
     Appellee,               CASE No.     10CR080176

## DECISION AND JOURNAL ENTRY

Dated: October 17, 2011

Dennis P. Will, Lorain County Prosecuting Attorney, and Billie Jo Belcher, Assistant Prosecuting Attorney, for appellant.

Denise G. Wilms, for appellee.

DICKINSON, Judge.

## INTRODUCTION

{¶1} The Lorain County Grand Jury indicted Todd Bales for felonious assault, and he moved the trial court for acceptance into the Lorain County Common Pleas Court Diversion Program. On the day of the hearing, the state opposed the motion in writing and objected on the record during the hearing. After the trial court accepted Bales's guilty plea and approved his application for the program, the prosecutor attempted to appeal the decision as a matter of right under Section 2953.08(B), arguing that "Bales' sentence is contrary to law" because the Lorain

County Common Pleas Court Diversion Program diminishes the discretion of the prosecutor in contravention of R.C. 2935.36 and the constitutional concept of separation of powers. The attempted appeal is dismissed because the state has not properly invoked this court's jurisdiction.

JURISDICTION

{¶2} This court is required to raise sua sponte issues regarding our jurisdiction. *Whitaker-Merrell Co. v. Geupel Constr. Co.* (1972), 29 Ohio St.2d 184, 186. Article IV, Section 3(B)(2) of the Ohio Constitution grants courts of appeals "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders[.]" In this case, the state has attempted to appeal the trial court's order as a matter of right under R.C. 2953.08(B)(2). Under that provision, "a prosecuting attorney * * * may appeal as a matter of right a sentence imposed upon a defendant who is convicted of or pleads guilty to a felony * * * on * * * the * * * ground[ ] [that] * * * [t]he sentence is contrary to law." The General Assembly has also granted this court jurisdiction to consider state's appeals as of right regarding "any decision of a trial court in a criminal case * * * which * * * grants a motion to dismiss all or any part of any indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief[.]" R.C. 2945.67(A). The state may seek leave to appeal "any other decision, except the final verdict, of the trial court in a criminal case[.]" Id.

{¶3} In this case, the state has attempted to appeal under R.C. 2953.08(B), arguing that the trial court's referral of Bales to the diversion program is a sentence that is contrary to law. Under R.C. 2929.01(EE), " '[s]entence' means the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense." R.C. 2929.01(DD) defines "[s]anction" as "any penalty imposed upon an offender who is convicted of

or pleads guilty to an offense, as punishment for the offense. 'Sanction' includes any sanction imposed pursuant to any provision of sections 2929.14 to 2929.18 or 2929.24 to 2929.28 of the Revised Code." Sections 2929.14 through 2929.18 address felony sentencing options, including prison terms, community control sanctions, community residential sanctions, nonresidential sanctions, and financial sanctions. Sections 2929.24 through 2929.28 cover sanctions available for punishment of misdemeanors. None of these code provisions address pretrial diversion programs. Diversion programs are not sanctions imposed as punishment following conviction. Diversion programs are intended to offer the defendant an opportunity to avoid conviction and punishment for the crime charged.

{¶4} Under Crim.R. 32(A), when a trial court imposes a sentence, it must offer the prosecutor and the defendant's lawyer an opportunity to speak. It must also give the defendant an opportunity to make a statement on his own behalf or present information in mitigation of punishment. Crim.R. 32(A). The trial court did not do any of those things when it approved Bales's application for diversion.

{¶5} On the day of the hearing on Bales's motion for acceptance into the pretrial diversion program, the trial court accepted his guilty plea and entered an order indicating that it "[found] Bales guilty and [referred him] to the court's diversion program." The trial court did not purport to "sentence" Bales via its November 12, 2010 entry. On the same day, the trial court entered a separate "Order to Diversion Program." In that order, the trial court indicated that Bales's application for diversion and his guilty plea had been accepted and gave him one year to complete the program. In the order, the trial court explained that "any failure by defendant to follow the rules of the Diversion Program will result in defendant's removal from

the Program, defendant being found guilty of the indictment and defendant's appearance in court for sentencing."

**{¶6}** The trial court granted Bales's request to enter the program and warned him that if he did not successfully complete it, he would be "found guilty of the indictment and * * * [would have to] appear * * * in court for sentencing." Under R.C. 2953.08(B), the state may appeal as a matter of right "a sentence imposed upon a defendant[.]" R.C. 2953.08(B) does not authorize the state to appeal the trial court's November 12, 2010 entries, because those entries do not impose a sentence. Even if the state had cited R.C. 2945.67(A) in its notice of appeal, it would have been required to seek leave of this court to appeal the trial court's decision to refer Bales to a pretrial diversion program. Because the state failed to seek leave to appeal, this court does not have jurisdiction to consider the merits of the appeal in this case. The appeal is dismissed.

## CONCLUSION

**{¶7}** The state has not properly invoked this court's jurisdiction. Accordingly, the appeal is dismissed.

Appeal dismissed.

BELFANCE, P.J., and WHITMORE, J., concur.

_____