[Cite as *State v. Bales*, 2012-Ohio-4426.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 11CA010126 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TODD M. BALES | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | CASE No. 100CR080176 |

DECISION AND JOURNAL ENTRY

Dated: September 28, 2012

MOORE, Judge.

{¶1} Plaintiff-Appellant, State of Ohio, appeals from the November 7, 2011 judgment entry of the Lorain County Court of Common Pleas dismissing, with prejudice, the criminal case against Defendant-Appellee, Todd M. Bales, for successful completion of the Lorain County Pretrial Diversion Program ("Diversion Program"). For the following reasons, we reverse.

I.

{¶2} On April 12, 2010, the Lorain County Court of Common Pleas created a Diversion Program for felony offenders. The journal entry adopting the Diversion Program was signed by six Lorain County common pleas judges. It reads:

> In accordance with the Ohio Constitution this Court hereby creates a Pretrial Diversion Program for the purpose of providing a viable alternative to criminal prosecution while consistently maintaining protection of the public. Accordingly, the program attached to this order is hereby adopted effective April 12, 2010.

Pursuant to the terms of the Diversion Program:

> A person is eligible * * * if he/she (1) is an adult; (2) has no prior felony convictions (a sealed felony conviction excludes a person from participation in

the program); (3) has no "pattern of criminal behavior"; (4) voluntarily consents to participation in the program; (5) agrees to abide by the conditions established by the Diversion Unit; (6) is charged with committing a felony which is not excluded by statute; and (7) does not owe restitution in an amount exceeding $5,000.00.

Further, "[i]f the offender successfully completes this program, the charges are dismissed against the offender." However, "[f]ailure to complete the program successfully will result in the offender's case being reactivated and placed on the docket for sentencing."

{¶3}    Mr. Bales was indicted for felonious assault, in violation of R.C. 2903.11(A)(1), a felony of the second degree. Prior to trial, Mr. Bales filed a motion for acceptance into the trial court's Diversion Program. In response, the trial court ordered the Lorain County Adult Probation Department to conduct an investigation into whether Mr. Bales qualified for the program. The State objected by filing a memorandum in opposition to Mr. Bales' motion for acceptance into the Diversion Program. In its memorandum, the State alleged that: (1) it wished to proceed with the criminal prosecution of Mr. Bales, (2) the Diversion Program had been established by the trial court without the prosecutor's participation or acquiescence, (3) Mr. Bales had not been accepted into the pre-trial diversion program established by the Lorain County Prosecutor's Office, and (4) the State did not, and would not, recommend that Mr. Bales' charges be dismissed.

{¶4}    At the hearing on Mr. Bales' motion for acceptance into the Diversion Program, the State objected on the record, stating:

* * *

For the record, in this matter before the Court, there has been no offer from the State for [Mr. Bales] to enter the Court's Diversion Program. [Mr. Bales'] acceptance into the Court's Diversion Program would be made without the prosecutor's participation or acquiescence, but rather with the State's objection.

And it is the State's intention to proceed with the criminal prosecution of [Mr. Bales]. The State does not and will not recommend [that Mr. Bales'] charges be dismissed.

And for the record, the Court was correct, the State does intend to appeal any admission to the Court's Diversion Program.

* * *

{¶5} Over the State's objection, the trial court approved Mr. Bales' application for the Diversion Program and Mr. Bales pleaded guilty to the charges in the indictment. The trial court's order stated that "[Mr. Bales] is ordered to participate in the Diversion Program and to successfully complete the [Diversion] Program within a period of one (1) year from [the date of the order], or within such period of time longer than one (1) year as the court, in its discretion, may order."

{¶6} Pursuant to R.C. 2953.08(B), the State appealed, as a matter of right, "arguing that '[Mr.] Bales' sentence is contrary to law' because the Lorain County Common Pleas Court Diversion Program diminishes the discretion of the prosecutor in contravention of R.C. 2935.36 and the constitutional concept of separation of powers." *State v. Bales*, 195 Ohio App.3d 538, 2011-Ohio-5336, ¶ 1 (9th Dist.). This Court dismissed the appeal for lack of jurisdiction because, in accepting him into the Diversion Program, the trial court did not actually sentence Mr. Bales and, therefore, the State was required to seek leave of court in order to appeal. *Id*. at ¶ 6.

{¶7} The trial court then issued an order, sua sponte, finding that Mr. Bales had successfully completed the requirements of the Diversion Program, as well as all court orders associated with his placement in the program. The trial court ordered that "[s]upervision is hereby terminated successfully and the above captioned case is hereby dismissed *with prejudice*." (Emphasis added.)

{¶8}    The State timely appealed, and set forth three assignments of error for our consideration.

{¶9}    Prior to discussing the State's assignments of error, we first address Mr. Bales' contention that the State did not properly invoke the jurisdiction of this Court by filing its appeal, pursuant to R.C. 2945.67(A), as a matter of right.  According to Mr. Bales, because the trial court sua sponte dismissed the criminal case, the State should have asked this Court for leave in order to properly file its appeal.  We disagree.

{¶10}    R.C. 2945.67(A) states, in relevant part, that:

> A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case, * * * which decision grants a motion to dismiss all or any part of an indictment, complaint or information * * * and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case [.]

In *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, ¶ 12-13, quoting *State v. Ryan*, 17 Ohio App.3d 150, 151 (1st Dist.1984), the Supreme Court of Ohio discussed whether the State could appeal, as a matter of right, where the juvenile court dismissed charges on its own motion:

> R.C. 2945.67(A) outlines the circumstances under which the state may prosecute an appeal in a criminal or delinquency matter. * * *
>
> Here, the juvenile court dismissed the murder charge and amended the felony-murder charge on its own motion. *This dismissal is the equivalent of a 'decision grant[ing] a motion to dismiss' under R.C. 2945.67(A)*.  Such an order is final, as it affects a substantial right and prevented a judgment on the murder charges. R.C. 2505.02(B).

(Emphasis added.)    In the present matter, similar to *In re S.J.*, even though the trial court dismissed the indictment sua sponte, the State's appeal is proper as a matter of right pursuant to R.C. 2945.67(A).  Therefore, the jurisdiction of this Court has been properly invoked to consider this appeal.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT IMPROPERLY DISMISSED [MR.] BALES' INDICTMENT UPON COMPLETION OF THE [DIVERSION PROGRAM].

{¶11} In its first assignment of error, the State argues that the trial court improperly dismissed the indictment against Mr. Bales after his successful completion of the Diversion Program. Specifically, the State argues that, pursuant to Crim.R. 48(A) and (B), the trial court erred in dismissing the indictment with prejudice. We agree.

{¶12} We review a trial court's dismissal of an indictment, pursuant to Crim.R. 48, under an abuse of discretion standard. *See State v. Busch*, 76 Ohio St.3d 613, 616 (1996). "An abuse of discretion implies that the trial court's attitude, as evidenced by its decision, was unreasonable, arbitrary, or unconscionable." *Id*. citing *State v. Jenkins*, 15 Ohio St.3d 164, 222 (1984).

{¶13} Crim.R. 48 states:

**(A) Dismissal by the [S]tate**

The [S]tate may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate.

**(B) Dismissal by the court**

If the court over objection of the [S]tate dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal.

(Emphasis sic.) Further, "[u]nder Crim.R.48(B) the court may not dismiss an indictment with prejudice unless it is apparent that the defendant has been denied either a constitutional or statutory right, the violation of which would, in itself, bar prosecution." *State v. Dixon*, 14 Ohio App.3d 396 (8th Dist.1984); *see also State v. Grundy*, 9th Dist. No. 22843, 2006-Ohio-521, ¶ 5-8

(The trial court abused its discretion by dismissing the indictment with prejudice where the State moved to dismiss the indictment without prejudice, and where the record shows no evidence or claim of constitutional or statutory violations of the appellee's rights.).

{¶14} Here, it is not apparent from the record, and the trial court does not find in its order dismissing the case with prejudice, that Mr. Bales has been denied either a constitutional or statutory right that would bar prosecution. In its order, the only reason listed in support of the trial court's dismissal with prejudice is Mr. Bales' successful completion of the Diversion Program. The trial court makes no further findings regarding the denial of constitutional or statutory rights in support of a dismissal with prejudice over the objection of the State. Therefore, because it failed to make the requisite findings, we conclude that, pursuant to Crim.R. 48(B), in dismissing the case with prejudice, the trial court abused its discretion.

{¶15} The State's first assignment of error is sustained.

{¶16} We will now address the State's second and third assignments of error together in order to better facilitate the discussion.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN STRUCTURING THE [DIVERSION PROGRAM] TO REMOVE ONE OF THE ESSENTIAL PARTIES TO THE CASE AND TO VIOLATE THE CONSTITUTIONAL CONCEPT OF SEPARATION OF POWERS.

## ASSIGNMENT OF ERROR III

ONLY A PROSECUTING ATTORNEY HAS THE AUTHORITY TO ESTABLISH A PRE-TRIAL DIVERSION PROGRAM.

{¶17} In its second and third assignments of error, the State argues that (1) the Diversion Program is unconstitutional because it violates the separation of powers between the executive

and judicial branches of government, and (2) pursuant to R.C. 2935.36, only a prosecuting attorney may establish a pre-trial diversion program.

{¶18} It is well-settled that "courts decide constitutional issues only when absolutely necessary." *Smith v. Leis*, 106 Ohio St.3d 309, 2005-Ohio-5125, ¶ 54. However, "such necessity is absent where other issues are apparent in the record which will dispose of the case on its merits." *Greenhills Home Owners Corp. v. Village of Greenhills*, 5 Ohio St.2d 207, 212 (1966). As discussed above, the trial court improperly dismissed the indictment, with prejudice, because it failed to make the requisite findings regarding any statutory or constitutional violations of Mr. Bales' rights. As such, we need not reach the constitutional issues raised in the State's second and third assignments of error.

## III.

{¶19} In sustaining the State's first assignment of error and declining to address the State's second and third assignments of error, we reverse the judgment of the Lorain County Court of Common Pleas and remand for further proceedings consistent with this decision.

Judgment reversed,

and cause remanded.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and BILLIE JO BELCHER, Assistant Prosecuting Attorney, for Appellant.

DENISE G. WILMS, Attorney at Law, for Appellee.