[Cite as *State v. Bales*, 2013-Ohio-5780.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.　12CA010311 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TODD M. BALES | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | CASE No.　10CR080176 |

DECISION AND JOURNAL ENTRY

Dated: December 30, 2013

MOORE, Presiding Judge.

{¶1} Plaintiff-Appellant, State of Ohio, appeals from the October 16, 2012 judgment entry of the Lorain County Court of Common Pleas dismissing Todd M. Bales' indictment. We affirm.

I.

{¶2} In *State v. Bales*, 9th Dist. Lorain No. 11CA010126, 2012-Ohio-4426, ¶ 2-5 ("*Bales II*"), we summarized the history of this case as follows:

On April 12, 2010, the Lorain County Court of Common Pleas created a Diversion Program for felony offenders. The journal entry adopting the Diversion Program was signed by six Lorain County common pleas judges. It reads:

"In accordance with the Ohio Constitution this Court hereby creates a Pretrial Diversion Program for the purpose of providing a viable alternative to criminal prosecution while consistently maintaining protection of the public. Accordingly, the program attached to this order is hereby adopted effective April 12, 2010."

Pursuant to the terms of the Diversion Program:

"A person is eligible * * * if he/she (1) is an adult; (2) has no prior felony convictions (a sealed felony conviction excludes a person from participation in

the program); (3) has no 'pattern of criminal behavior'; (4) voluntarily consents to participation in the program; (5) agrees to abide by the conditions established by the Diversion Unit; (6) is charged with committing a felony which is not excluded by statute; and (7) does not owe restitution in an amount exceeding $5,000.00."

Further, "[i]f the offender successfully completes this program, the charges are dismissed against the offender." However, "[f]ailure to complete the program successfully will result in the offender's case being reactivated and placed on the docket for sentencing."

Mr. Bales was indicted for felonious assault, in violation of R.C. 2903.11(A)(1), a felony of the second degree. Prior to trial, Mr. Bales filed a motion for acceptance into the trial court's Diversion Program. In response, the trial court ordered the Lorain County Adult Probation Department to conduct an investigation into whether Mr. Bales qualified for the program. The State objected by filing a memorandum in opposition to Mr. Bales' motion for acceptance into the Diversion Program. In its memorandum, the State alleged that: (1) it wished to proceed with the criminal prosecution of Mr. Bales, (2) the Diversion Program had been established by the trial court without the prosecutor's participation or acquiescence, (3) Mr. Bales had not been accepted into the pre-trial diversion program established by the Lorain County Prosecutor's Office, and (4) the State did not, and would not, recommend that Mr. Bales' charges be dismissed.

At the hearing on Mr. Bales' motion for acceptance into the Diversion Program, the State objected on the record, stating:

"* * *

"For the record, in this matter before the Court, there has been no offer from the State for [Mr. Bales] to enter the Court's Diversion Program. [Mr. Bales'] acceptance into the Court's Diversion Program would be made without the prosecutor's participation or acquiescence, but rather with the State's objection.

"And it is the State's intention to proceed with the criminal prosecution of [Mr. Bales]. The State does not and will not recommend [that Mr. Bales'] charges be dismissed.

"And for the record, the Court was correct, the State does intend to appeal any admission to the Court's Diversion Program.

"* * *"

Over the State's objection, the trial court approved Mr. Bales' application for the Diversion Program and Mr. Bales pleaded guilty to the charges in the indictment. The trial court's order stated that "[Mr. Bales] is ordered to participate in the Diversion Program and to successfully complete the [Diversion] Program within a

period of one (1) year from [the date of the order], or within such period of time longer than one (1) year as the court, in its discretion, may order."

{¶3} The State appealed from the trial court's order allowing Mr. Bales to participate in the Diversion Program. We dismissed the appeal for lack of jurisdiction. *See State v. Bales*, 195 Ohio App.3d 538, 2011-Ohio-5336, ¶ 1. ("*Bales I*").

{¶4} After Mr. Bales successfully completed the Diversion Program, the trial court issued an order terminating supervision and dismissing the case *with prejudice*. *Bales II* at ¶ 7. The State appealed. This Court reversed and remanded the trial court's order because it abused its discretion in dismissing the case, with prejudice, without making the requisite findings "regarding the denial of constitutional or statutory rights in support of a dismissal with prejudice over the objection of the State." *Id*. at ¶ 14, *see also State v. Grundy*, 9th Dist. Summit No. 22843, 2006-Ohio-521, ¶ 5-8.

{¶5} On remand, the trial court again dismissed Mr. Bales' charges pursuant to Crim.R. 48(B), this time *without prejudice*. Further, the trial court included several findings of fact in its entry supporting its reasons for dismissing Mr. Bales' charges over the State's objection.

{¶6} The State appealed, raising two assignments of error for our consideration. We will now address both assignments of error together to better facilitate our discussion.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT IMPROPERLY DISMISSED [MR. BALES'] INDICTMENT UPON COMPLETION OF THE LORAIN COUNTY COURT OF COMMON PLEAS DIVERSION PROGRAM AS ONLY A PROSECUTING ATTORNEY HAS THE AUTHORITY TO ESTABLISH A PRE-TRIAL DIVERSION PROGRAM.

## ASSIGNMENT OF ERROR II

ONLY A PROSECUTING ATTORNEY HAS THE AUTHORITY TO ESTABLISH A PRE-TRIAL DIVERSION PROGRAM.

{¶7} In its first assignment of error, the State argues that the judicially created diversion program "runs afoul" of R.C. 2935.36. Specifically, the State argues that, pursuant to R.C. 2935.36, only prosecuting attorneys can establish pretrial diversion programs.

{¶8} In its second assignment of error, the State argues that the judicially created diversion program violates the constitutional concept of separation of powers. Specifically, the State argues that if a defendant is accepted into the judicially created diversion program, it removes the State from the prosecution of the action post indictment and precludes the State from "preventing the dismissal of the criminal charges at the conclusion of the case."

{¶9} We review a trial court's dismissal of criminal charges for an abuse of discretion. *State v. Cole*, 9th Dist. Summit Nos. 26190, 26191, 2012-Ohio-4027, ¶ 7, citing *State v. Busch*, 76 Ohio St.3d 613, 616 (1996). An abuse of discretion "implies that a trial court's decision is unreasonable, arbitrary or unconscionable." *Cole* at ¶ 7, citing *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). Further, "[a] trial court possesses the inherent authority to dismiss charges sua sponte." *Cole* at ¶ 7, citing *Busch* at 615. "Crim.R. 48 governs the procedure by which a trial court may dismiss a complaint over the State's objection; however, 'the circumstances under which this may occur are not enunciated within the criminal rules.'" *Cole* at ¶ 7, quoting *State v. Arroyo*, 9th Dist. Lorain No. 99CA007330, 2000 WL 223509, *1 (Feb. 23, 2000). "Although 'the rule does not limit the reasons for which a trial judge might dismiss a case,' the rule does require that '[i]f the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings fact and reasons for the dismissal." *Cole* at ¶ 7, quoting *Busch* at 615 and Crim.R. 48(B).

{¶10} Here, the trial court's dismissal entry specifically indicates that Mr. Bales' criminal charges are dismissed pursuant to Crim.R. 48(B). Additionally, the trial court stated its reasons for dismissing Mr. Bales' charges, on the record, as follows:

1. [Mr. Bales] was admitted to the Lorain Court of Common Pleas Pretrial Diversion Program;

2. [Mr. Bales] has paid all court costs, together with all fees owing for his supervision under the program;

3. that there is no restitution owing to the victim of the offense;

4. that there are no criminal offenses charged against [Mr. Bales] which are currently pending;

5. that [Mr. Bales] has successfully completed the diversion program, having complied with all requirements of the program to the satisfaction of his supervising officer;

6. that [Mr. Bales] has been rehabilitated to the satisfaction of the court;

7. that [Mr. Bales] is not alcohol or drug dependent;

8. that the Lorain County Adult Probation Dept. has recommended dismissal of the case; and,

9. that, over the objection of the state of Ohio, this case should be dismissed.

{¶11} Upon review of the record, and given the State's limited argument on appeal which does not explain why the trial court's dismissal pursuant to Crim.R. 48(B) was erroneous, we cannot conclude that the trial court abused its discretion in dismissing Mr. Bales' criminal charges, without prejudice, pursuant to Crim.R. 48(B). The trial court complied with Crim.R. 48(B) by including specific findings in its entry regarding the reasons for dismissing the charges against Mr. Bales, including: (1) successful participation in the judicially created diversion program, (2) payment of fines and court costs, (3) no pending criminal charges, (4) no dependence on alcohol or drugs, and (5) a positive recommendation from the adult probation department. Further, in its reply brief, the State admits that "Crim.R. 48(B) does permit a trial

judge to dismiss an indictment, over the objection of the prosecutor, provided detailed findings are made on the record." In addition, the State has not demonstrated why, in this instance, dismissal pursuant to Crim.R. 48(B) is not proper. As such, we cannot say that the trial court's decision to issue a Crim.R. 48(B) dismissal of Mr. Bales' criminal charges was "unreasonable, arbitrary or unconscionable." *See Cole*, 2012-Ohio-4027, at ¶ 7.

{¶12} Finally, as we have previously stated, "courts decide constitutional issues only when absolutely necessary." *Bales II*, 2012-Ohio-4426, ¶ 18, quoting *Smith v. Leis*, 106 Ohio St.3d 309, 2005-Ohio-5125, ¶ 54. "However, 'such necessity is absent where other issues are apparent in the record which will dispose of the case on its merits.'" *Bales II* at ¶ 18, quoting *Greenhills Home Owners Corp. v. Village of Greenhills*, 5 Ohio St.2d 207, 212 (1966). Therefore, we need not reach the constitutional issues raised in the State's second assignment of error.

### III.

{¶13} In overruling the State's first assignment of error, and declining to address the State's second assignment of error, we affirm the judgment of the Lorain County Court of Common Pleas.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

BELFANCE, J.
CONCURS.

HENSAL, J.
CONCURRING IN JUDGMENT ONLY.

{¶14} I write separately because I believe this Court should affirm the trial court's judgment for reasons similar to our decision in *State v. Wagner*, 9th Dist. Lorain No. 12CA010199, 2013-Ohio-2036. In *Wagner*, the trial court dismissed criminal charges against James Wagner pursuant to Revised Code Section 2951.041. On appeal, the State argued that the trial court did not have authority to create its own pre-trial diversion program and that the court's diversion program violated the constitutional concept of separation of powers. It did not, however, argue that the trial court misapplied Section 2951.041 or that Section 2951.041 is unconstitutional, and this Court affirmed the court's judgment on that basis. *Id*. at ¶ 4, 7.

{¶15} In this case, the trial court dismissed the charges against Mr. Bales pursuant to Criminal Rule 48(B). In its appellate brief, the State has not argued that the trial court

misapplied Rule 48(B) or that Rule 48(B) is unconstitutional. Accordingly, because the State has not argued that the trial court improperly applied Criminal Rule 48(B), I would not address the merits of that issue.

APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellant.

DENISE WILMS, Attorney at Law, for Appellee.