[Cite as *State v. Otero*, 2022-Ohio-3960.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 22CA011845 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| LUIS OTERO | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | | CASE No. 21 CR104597 |

DECISION AND JOURNAL ENTRY

Dated: November 7, 2022

CALLAHAN, Judge.

**{¶1}** Appellant, the State of Ohio, appeals from the judgment of the Lorain County Court of Common Pleas, granting Appellee, Luis Otero's, motion to dismiss on speedy trial grounds. This Court reverses.

I.

**{¶2}** The Lorain Police Department suspected Mr. Otero and his brother were trafficking narcotics out of their residence in Lorain. Information the police received led them to believe the brothers were packaging narcotics inside their house and hiding the drugs outside in a neighboring lot. On August 18, 2020, the police executed a search warrant at the house and arrested Mr. Otero and his brother. The police found crack cocaine hidden inside Mr. Otero's underwear and multiple items indicative of drug trafficking inside the house. Upon searching the neighboring lot, the police also found a hydraulic press and a white grocery bag containing what appeared to be narcotics.

{¶3} The grocery bag and suspected narcotics the police found in the neighboring lot were sent for forensic testing. The tests confirmed the grocery bag contained over 25 grams of cocaine and over 18 grams of fentanyl. Further, a forensic report completed on October 9, 2020, indicated that one major DNA profile was found on a swab taken from the grocery bag. That profile was consistent with Mr. Otero's DNA profile.

{¶4} The State initially indicted Mr. Otero in Criminal Case No. 20CR103207 ("the first indictment"). His charges in the first indictment related strictly to the crack cocaine the police found in his underwear and the items seized from his house. He was not initially charged with any crimes related to the narcotics the police found in the neighboring lot.

{¶5} Mr. Otero decided to plead guilty to the first indictment. He entered his plea, and the matter was set for a sentencing hearing the following month. Before his sentencing hearing could occur, however, the State indicted Mr. Otero in Criminal Case No. 21CR104597 ("the second indictment"). His charges in the second indictment, which form the basis of this appeal, related to the narcotics the police found in the neighboring lot. Mr. Otero was arrested and served with the second indictment one day after he was sentenced on the first indictment.

{¶6} Mr. Otero moved to dismiss the second indictment based on a violation of his speedy trial rights. The State filed a brief in opposition to his motion, and the trial court scheduled the matter for a hearing. On the morning of the hearing, the State filed a supplement to its brief in opposition. The parties then appeared and presented arguments to the trial court. At the conclusion of the hearing, the trial court took the matter under advisement. The trial court later issued an entry granting Mr. Otero's motion and dismissing the second indictment.

{¶7} The State now appeals from the trial court's judgment of dismissal and raises two assignments of error for review. For ease of analysis, this Court rearranges the State's assignments of error.

II.

**ASSIGNMENT OF ERROR NO. 2**

THE TRIAL COURT ERRED WHEN IT FAILED TO MAKE THE NECESSARY FINDINGS PURSUANT TO CRIM.R. 48(B) WHEN DISMISSING THE INDICTMENT.

{¶8} In its second assignment of error, the State argues the trial court erred when it granted Mr. Otero's motion to dismiss without making any factual findings in accordance with Crim.R. 48(B). Upon review, this Court sustains the State's second assignment of error.

{¶9} When a court dismisses an indictment over the State's objection, it must comply with Crim.R. 48(B). *State v. Busch*, 76 Ohio St.3d 613, 615 (1996). *See also State v. Cole*, 9th Dist. Summit No. 26190, 26191, 2012-Ohio-4027, ¶ 7 ("Crim.R. 48 governs the procedure by which a trial court may dismiss a complaint over the State's objection * * *."). That rule requires a trial court to "state on the record its findings of fact and reasons for the dismissal." Crim.R. 48(B). A trial court's failure to comply with Crim.R. 48(B) by supporting its dismissal with findings will result in a reversal and a remand for further proceedings. *See State v. Bales*, 9th Dist. Lorain No. 11CA010126, 2012-Ohio-4426, ¶ 14; *South Euclid v. Datillo*, 8th Dist. Cuyahoga No. 106687, 2018-Ohio-4711, ¶ 11-12.

{¶10} Mr. Otero moved to dismiss the second indictment based on a violation of his speedy trial rights. He argued the first indictment and the second indictment arose from the same set of facts, so the second indictment was subject to the same statutory limitation period as the first indictment. It was Mr. Otero's position that any time waiver(s) he executed in defending against

the first indictment did not apply to the second indictment. Because more than 270 days of speedy trial time had elapsed from either the date of his original arrest or the date of the first indictment, Mr. Otero argued, he was entitled to a dismissal on speedy trial grounds.

{¶11} When the State initially opposed Mr. Otero's motion to dismiss, the State argued that the second indictment arose from different factual circumstances than the first indictment. The State later abandoned that argument when it filed a supplemental brief in opposition and appeared at the hearing on Mr. Otero's motion to dismiss. At that time, the State argued the second indictment related back to the first indictment such that any tolling events applied equally to both cases. The State introduced as exhibits a transcript of the docket from the first indictment and copies of various filings that it construed as tolling events. Upon consideration of all the tolling events that had occurred, the State argued, Mr. Otero's speedy trial time had yet to expire.

{¶12} At the conclusion of the hearing on Mr. Otero's motion to dismiss, the trial court took the matter under advisement. The trial court then issued a journal entry that reads as follows:

> This matter is before the Court upon [Mr. Otero's] Motion to Dismiss. The State filed an opposition and supplemental opposition. A hearing on [Mr. Otero's] Motion was held on January 27, 2022. [Mr. Otero's] Motion is well-taken and is granted. Case dismissed.

The trial court did not issue any factual findings or offer any rationale in connection with its ruling on Mr. Otero's motion.

{¶13} As noted, Crim.R. 48(B) specifically requires trial courts to state their findings of fact and reasons for dismissal on the record when dismissing an indictment over the State's objection. Crim.R. 48(B). In this case, there was significant disagreement about whether Mr. Otero had waived any of his speedy trial time, whether any tolling events from litigating the first indictment applied to the second indictment, the date on which Mr. Otero's speedy trial time commenced on the second indictment, and the exact calculation of his speedy trial time. Although

the trial court granted Mr. Otero's motion to dismiss, the trial court failed to issue any factual findings or offer any reasons for its dismissal. Accordingly, it is not clear from the record why the trial court dismissed the second indictment. Because the trial court failed to comply with Crim.R. 48(B), this matter must be reversed and remanded for the trial court to make findings on the record in the first instance. *See Bales*, 2012-Ohio-4426, at ¶ 14; *Datillo*, 2018-Ohio-4711, at ¶ 11-12.

{¶14} Although Mr. Otero sets forth three reasons this Court should affirm the trial court's judgment, this Court is not persuaded by Mr. Otero's arguments. First, Mr. Otero argues that the trial court indicated its decision was based on his motion, so, in essence, the trial court incorporated the factual underpinnings of his argument in its judgment entry. By its plain language, however, Crim.R. 48(B) requires trial courts to tender their findings and reasons for dismissal "*on the record*[.]" (Emphasis added.) Crim.R. 48(B). Mr. Otero has not explained why this Court ought to deviate from the plain language of that rule.

{¶15} Second, Mr. Otero argues Crim.R. 48(B) does not apply because the trial court was only dismissing "some charges and not the entire indictment." He argues the first indictment and the second indictment constitute a single case because they arose from the same facts and circumstances. Yet, the second indictment was filed under a different case number, not as a supplemental indictment, and Mr. Otero had already been sentenced under the first indictment at the time he was arrested on the second indictment. Because the second indictment stood separate and apart from the first indictment, Crim.R. 48(B) applied when the trial court dismissed the second indictment over the State's objection.

{¶16} Finally, Mr. Otero argues Crim.R. 48(B) conflicts with his substantive right to a discharge for a violation of his speedy trial time. He argues that R.C. 2945.73(B) requires trial courts to discharge a defendant if he has not been brought to trial within the statutory allotted time

and Crim.R. 48(B) "cannot modify the Court's obligation to discharge [him] * * *." Mr. Otero is only entitled to a discharge, however, if his speedy trial time has, in fact, been violated. At this point, this Court cannot make that determination because the record does not contain any findings that would allow for a review of that issue. Because it is not yet clear whether Mr. Otero has a right to be discharged, any argument premised upon his right in that regard is premature.

{¶17} For the foregoing reasons, the State's second assignment of error is sustained.

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED BY DISMISSING THE INDICTMENT FOR A SPEEDY-TRIAL VIOLATION.

{¶18} In its first assignment of error, the State argues the trial court erred when it granted Mr. Otero's motion to dismiss because there was no speedy trial violation. The State argues multiple events tolled the expiration of Mr. Otero's speedy trial time such that it had yet to expire when he filed his motion. Given this Court's resolution of Mr. Otero's second assignment of error, his first assignment of error is moot, and this Court declines to address it. *See* App.R. 12(A)(1)(c).

III.

{¶19} The State's second assignment of error is sustained. Based on that resolution, the State's first assignment of error is moot. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

CARR, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

J.D. TOMLINSON, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellant.

GIOVANNA V. BREMKE, Attorney at Law, for Appellee.