[Cite as *State v. Davison*, 2024-Ohio-4529.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 24CA012083 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANDREW N. DAVISON | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | CASE No. 23CR108101 |

DECISION AND JOURNAL ENTRY

Dated: September 16, 2024

STEVENSON, Presiding Judge.

{¶1} Appellant, the State of Ohio, appeals from the judgment of the Lorain County Court of Common Pleas, dismissing the indictment of Appellee, Andrew Davison, based on a violation of his speedy trial rights. This Court reverses.

I.

{¶2} Mr. Davison was indicted on three counts of trafficking in cocaine, two counts of possession of cocaine, and one count of possession of criminal tools. He signed time waivers on several journal entries but wrote on later entries that he was not waiving his speedy trial time. The day before his scheduled trial date, he sought leave to file a motion to dismiss based on a speedy trial violation. The trial court granted him leave, cancelled his trial date, and accepted his written motion to dismiss. Mr. Davison argued that he never waived his speedy trial rights and that the State had failed to bring him to trial within the statutory time limit.

**{¶3}** The State filed a brief in opposition to Mr. Davison's motion to dismiss. The State argued that Mr. Davison had waived his speedy trial time by signing time waivers he never properly revoked. The State also argued that pretrial motions had tolled his speedy trial time and, even if his time had expired, newly enacted R.C. 2945.73(C)(2) gave the State an additional 14 days to bring him to trial. Mr. Davison filed a reply brief in which he responded to the State's arguments.

**{¶4}** The trial court dismissed Mr. Davison's indictment without holding a hearing. In its brief journal entry, the court wrote: "Defendant's Motion to Dismiss for Speedy Trial Violations is granted. Case dismissed." The State immediately appealed from the trial court's judgment of dismissal.

**{¶5}** The State's appeal is now before this Court. It contains three assignments of error for review. For ease of analysis, we rearrange and consolidate several of the assignments of error.

II.

**ASSIGNMENT OF ERROR II**

**THE TRIAL COURT ERRED WHEN IT FAILED TO MAKE THE NECESSARY FINDINGS PURSUANT TO CRIM.R. 48(B) WHEN DISMISSING THE INDICTMENT.**

**{¶6}** In its second assignment of error, the State argues the trial court erred when it dismissed Mr. Davison's indictment without including findings of fact and its reasons for dismissal. We agree.

**{¶7}** As an initial matter, we note that Mr. Davison did not file an appellate brief. Accordingly, under App.R. 18(C), we "may accept the [State's] statement of the facts and issues as correct and reverse the judgment if [the State's] brief reasonably appears to sustain such action."

{¶8} Crim.R. 48(B) allows a trial court to dismiss an indictment over the objection of the State. The rule requires a trial court to "state on the record its findings of fact and reasons for the dismissal." Crim.R. 48(B). "A trial court's failure to comply with Crim.R. 48(B) by supporting its dismissal with findings will result in a reversal and a remand for further proceedings." *State v. Otero*, 2022-Ohio-3960, ¶ 9 (9th Dist.).

{¶9} The State opposed Mr. Davison's motion to dismiss and offered three distinct reasons the trial court should deny the motion. The trial court failed to include any findings of fact or reasons in support of its dismissal. Accordingly, its judgment did not comply with Crim.R. 48(B). Absent compliance with that rule, this Court cannot conduct a meaningful review. As such, the matter must be remanded for further proceedings. *See id.* at ¶ 9-16. The State's second assignment of error is sustained.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED BY DISMISSING THE INDICTMENT FOR A SPEEDY-TRIAL VIOLATION.**

## ASSIGNMENT OF ERROR III

**THE TRIAL COURT ERRED BY DETERMINING THAT TIME HAD EXPIRED WHERE THE STATE OF OHIO HAD AN ADDITIONAL 14 DAYS TO PROSECUTE DAVISON PURSUANT TO RC 2945.73(C)(2).**

{¶10} In its first assignment of error, the State argues the trial court erred when it dismissed Mr. Davison's indictment for a speedy trial violation because no violation occurred. In its third assignment of error, the State argues the trial court erred when it dismissed Mr. Davison's indictment without affording the State an additional 14 days to bring him to trial under newly enacted R.C. 2945.73(C)(2). Based on our resolution of the State's second assignment of error, its first and third assignments of error are moot, and we decline to address them. *See* App.R. 12(A)(1)(c).

III.

{¶11} The State's second assignment of error is sustained. Its first and third assignments of error are moot. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
SCOT STEVENSON
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

J.D. TOMLINSON, Prosecuting Attorney, and MARK KOZA, Assistant Prosecuting Attorney, for Appellant.

ANDREW N. DAVISON, pro se, Appellee.