THE STATE OF OHIO, APPELLEE, *v.* MILLER, APPELLANT.

(No. C-870027—Decided April 13, 1988.)

*Arthur M. Ney, Jr.,* prosecuting attorney, *Christian J. Schaefer* and *Heather S. Russell,* for appellee.

*Candace C. Greenham,* for appellant Deborah E. Miller.

*Per Curiam.* This cause came on

to be heard upon the appeal from the Municipal Court of Hamilton County.

On June 3, 1986, a complaint and an affidavit were filed, charging appellant with misdemeanor theft in violation of R.C. 2913.02. The cause proceeded to trial, a jury was impaneled and opening statements were made by counsel. At that time, it was discovered that the complaint and affidavit, while notarized, were not signed in the space designated "Complainant." Appellant's counsel made an oral motion to dismiss the charge, which the trial court granted.

A second complaint and affidavit were filed against appellant on September 19, 1986. The second complaint and affidavit, which were properly signed and notarized, contained the same allegations as the first complaint and affidavit. Appellant filed motions to dismiss on the grounds of double jeopardy and lack of a speedy trial, which the trial court overruled. Appellant timely appealed. Appellant's notice of appeal and brief refer to the trial court's rulings on both the double-jeopardy and speedy-trial issues. Appellee filed a motion to strike the portions of appellant's notice of appeal and brief dealing with the speedy-trial issue, arguing that the overruling of a motion to dismiss for lack of a speedy trial is not a final appealable order. This court granted appellee's motion.

Appellant's sole remaining assignment of error alleges:

"The trial court erred to the prejudice of defendant-appellant in denying her motion to dismiss on the basis of having been previously placed in jeopardy on the same offense."

Appellant argues that because the first trial court assumed proper jurisdiction over the matter *sub judice,* jeopardy attached during those proceedings and appellant cannot be placed in jeopardy a second time by being brought to trial on the same charge. We disagree.

In the absence of a sufficient formal accusation, a court acquires no jurisdiction whatever, and if it assumes jurisdiction, a trial and conviction are a nullity. *State* v. *Brown* (1981), 2 Ohio App. 3d 400, 2 OBR 475, 442 N.E. 2d 475. The first essential for the attachment of jeopardy is that the court seeking to act in the matter be of competent jurisdiction. *State* v. *Craig* (Mar. 12, 1986), Hamilton App. No. C-850444, unreported. The complaint is the jurisdictional instrument of the municipal court. *Id.* In the case *sub judice,* the first trial court was not a court of competent jurisdiction as there was no valid charging instrument before that court. Because the first trial court was without jurisdiction, any proceedings before that court could not have placed appellant in jeopardy. Therefore, the second trial court did not err in overruling appellant's motion to dismiss on the grounds of double jeopardy. Appellant's assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KLUSMEIER, P.J., BLACK and UTZ, JJ., concur.