THE STATE OF OHIO, APPELLEE, *v.* MBODJI, APPELLANT.

[Cite as *State v. Mbodji,* 129 Ohio St.3d 325, 2011-Ohio-2880.]

*Criminal procedure — Crim.R. 3 and subject-matter jurisdiction — R.C. 2935.09*
*— Failure to review affidavit by private citizen charging a crime not a*
*jurisdictional flaw.*

(No. 2010-0819 — Submitted March 2, 2011 — Decided June 21, 2011.)

APPEAL from the Court of Appeals for Hamilton County, No. C-090384.

_____

**SYLLABUS OF THE COURT**

1. A complaint that meets the requirements of Crim.R. 3 invokes the subject-matter jurisdiction of a trial court.

2. When a criminal complaint and affidavit are signed by a private citizen but are not reviewed by a reviewing official before filing pursuant to R.C. 2935.09, the defect is not jurisdictional but may be the subject of a Crim.R. 12(C) motion before trial.

_____

**LANZINGER, J.**

{¶ 1} The issue before us is whether a trial court has subject-matter jurisdiction to proceed against a defendant when a private citizen signs a complaint and affidavit charging the defendant with a crime but the complaint and affidavit are not reviewed by a reviewing official pursuant to R.C. 2935.09. We hold that a complaint that meets the requirements of Crim.R. 3 invokes the subject-matter jurisdiction of a trial court. When a complaint and affidavit are signed by a private citizen but are not reviewed by a reviewing official before filing pursuant to R.C. 2935.09, the defect is not jurisdictional but may be the subject of a Crim.R. 12(C) motion before trial.

## I. Case Background

{¶ 2} Mor Mbodji, the appellant, was charged with domestic violence, a misdemeanor offense of domestic violence of the first degree. His wife, Katrina McCall, filed an affidavit and complaint with the clerk of courts for the Hamilton County Municipal Court. The complaint included a statement of the essential facts of the crime alleged as well as the numerical designation of the statute violated. The complaint was sworn to, but no judge, magistrate, or prosecutor reviewed the affidavit or complaint before it was filed.

{¶ 3} Mbodji was arrested the following day. He entered a plea of not guilty and proceeded to a bench trial, after which he was found guilty of domestic violence and was sentenced to eight months of community control. The sentence was stayed pending appeal.

{¶ 4} The court of appeals affirmed the judgment of the trial court, overruling Mbodji's assignments of error, including his assignment asserting that the trial court did not have jurisdiction because the complaint and affidavit were not reviewed by a "reviewing official" within the meaning of R.C. 2935.09. The court of appeals held that the trial court had jurisdiction despite lack of review and later denied a motion for reconsideration. We accepted for review the following proposition of law: "Where the complaint and affidavit are signed by a private citizen, without being reviewed by a reviewing official, the trial court is without jurisdiction to proceed against the defendant."

{¶ 5} We hold that the trial court had subject-matter jurisdiction over the victim's domestic-violence complaint. We therefore affirm the judgment of the court of appeals.

## II. Analysis

### A. The statute, R.C. 2935.09(D)

{¶ 6} A private citizen may cause the arrest or prosecution of a person charged with committing an offense if the citizen complies with R.C.

2935.09(D).[1] The statute sets forth the procedure for a private citizen who wishes to file an affidavit and states that a citizen "may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney." A "reviewing official" is a judge, a prosecuting attorney, or a magistrate. R.C. 2935.09(A).

{¶ 7} The General Assembly amended R.C. 2935.09 effective June 30, 2006. Am.H.B. No. 214, 151 Ohio Laws, Part III, 5973. Previously, a private citizen could file an affidavit charging an offense without the requirement that the affidavit be reviewed by a "reviewing official." Am.Sub.S.B. No. 73, 128 Ohio Laws 97, 98. After the 2006 amendment, the statute limited a private citizen's ability to cause the arrest or prosecution of another. The Legislative Service Commission analysis of H.B. 214 states that R.C. 2935.09 was amended with the intent that private citizens' affidavits would be reviewed by judges, magistrates, or prosecutors. Final Bill Analysis, 2006 Am.H.B. No. 214, www.legislature.state.oh.us/search.cfm. The statute allows clerks to accept affidavits for filing before or after normal business hours of the reviewing officials, but clerks must forward the affidavit "to a reviewing official when the reviewing official's normal business hours resume." R.C. 2935.09(D). Thus, additional processing takes place when a private citizen files an affidavit and before arrest or prosecution is instituted.

---

1. R.C. 2935.09(D) states: "A private citizen having knowledge of the facts who seeks to cause an arrest or prosecution under this section may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney or attorney charged by law with the prosecution of offenses in the court or before the magistrate. A private citizen may file an affidavit charging the offense committed with the clerk of a court of record before or after the normal business hours of the reviewing officials if the clerk's office is open at those times. A clerk who receives an affidavit before or after the normal business hours of the reviewing officials shall forward it to a reviewing official when the reviewing official's normal business hours resume."

**{¶ 8}** There is no question that Mbodji's wife was a private citizen who went to the clerk's office and presented an affidavit and a sworn complaint to the clerk. The clerk did not forward the documents to a reviewing official for review, but instead immediately issued a warrant for Mbodji's arrest. Because the parties do not dispute that R.C. 2935.09 was not followed in this case, we must determine what effect, if any, the procedural error has on Mbodji's conviction.

**{¶ 9}** Mbodji argues that the complaint was not valid and that therefore the trial court was without jurisdiction to proceed. This argument was made for the first time in the court of appeals, but Mbodji asserts that it is appropriately raised because "the defense of subject matter jurisdiction can never be waived." *State v. Sharp*, 5th Dist. Nos. 08 CA 2, 08 CA 3, and 08 CA 4, 2009-Ohio-1854, ¶ 15. The state responds that the complaint was properly filed because it complied with Crim.R. 3 and that as a valid complaint, it invoked the subject-matter jurisdiction of the trial court.

### B. Meaning of Jurisdiction and Crim.R. 3

**{¶ 10}** The term "jurisdiction" refers to the court's statutory or constitutional authority to hear a case. *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11. The concept encompasses jurisdiction over the subject matter of a case as well as jurisdiction over the person. Id. Because subject-matter jurisdiction involves a court's power to hear a case, the issue can never be waived or forfeited and may be raised at any time. Id. In contrast, a challenge to personal jurisdiction or jurisdiction over the person is waivable by the defendant's voluntary submission at an initial appearance or by entering a plea of not guilty. *State v. Holbert* (1974), 38 Ohio St.2d 113, 118, 67 O.O.2d 111, 311 N.E.2d 22. The question before us relates to the trial court's subject-matter jurisdiction.

**{¶ 11}** Municipal courts are created by statute, R.C. 1901.01, and their subject-matter jurisdiction is also set by statute. A municipal court in Ohio has

jurisdiction over misdemeanors occurring within its territorial jurisdiction. R.C. 1901.20(A)(1). Thus, the Hamilton County Municipal Court has subject-matter jurisdiction over domestic-violence misdemeanors alleged to have occurred within Hamilton County. R.C. 1901.02(A)(2) and (B).

{¶ 12} The filing of a complaint invokes the jurisdiction of the municipal court. *State v. Miller* (1988), 47 Ohio App.3d 113, 114, 547 N.E.2d 399, citing *State v. Craig* (Mar. 12, 1986), Hamilton App. No. C-850444, 1986 WL 3096, *2. Crim.R. 3 defines what constitutes a valid complaint. It states, "The complaint is a written statement of the essential facts constituting the offense charged." In addition, the rule requires that the complaint "state the numerical designation of the applicable statute or ordinance" and that it "be made upon oath before any person authorized by law to administer oaths."

{¶ 13} The complaint filed in this case was valid under Crim.R. 3. The complaint stated that Mbodji "on or about the 16th day of April, 2009, in Hamilton County, State of Ohio, did knowingly cause physical harm to Katrina McCall, a family member," thus setting forth the essential facts of the crime charged. The complaint also specified that those facts showed that Mbodji acted "in violation of Section 2919.25 of the Revised Code of Ohio," thus stating the numerical designation of the applicable statute. The complaint was sworn to and signed by the victim, Katrina McCall, and was sworn to before a peace officer authorized to administer oaths. In short, the jurisdiction of the trial court was properly invoked.

### C. The Remedy of Crim.R. 12(C)

{¶ 14} To the extent that Mbodji argues that the trial court did not have jurisdiction, he is challenging either the institution of his prosecution or the validity of the complaint. Crim.R. 12(C)[2] states:

---

2. Neither party has developed an argument with respect to whether the applicable subdivision would be (C)(1) (defects in the institution of the prosecution) or (C)(2) (defects in the indictment,

{¶ 15} "Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial:

{¶ 16} "(1) Defenses and objections based on defects in the institution of the prosecution;

{¶ 17} "(2) Defenses and objections based on defects in the indictment, information, or complaint (other than failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding)."

{¶ 18} As stated in Crim.R. 12(H), "[f]ailure by the defendant to raise defenses or objections" within the time required "shall constitute waiver of the defenses or objections." See also *State v. Williams* (1977), 51 Ohio St.2d 112, 117, 5 O.O.3d 98, 364 N.E.2d 1364; *State v. Carter* (2000), 89 Ohio St.3d 593, 598, 734 N.E.2d 345. In this case, Mbodji waived any defense or objection by failing to file a motion before trial.

{¶ 19} We reject the appellant's proposition that R.C. 2935.09 creates a jurisdictional barrier. A complaint under Crim.R. 3 invokes the court's jurisdiction, and in this case, the complaint filed against Mbodji was valid under Crim.R. 3 and invoked the jurisdiction of the trial court. Any procedural defect in the prosecution or the complaint and associated affidavit because of the lack of review pursuant to R.C. 2935.09 could have been remedied through a Crim.R. 12(C) motion.

{¶ 20} We emphasize, however, that R.C. 2935.09 is intended to govern the method by which a private citizen may cause the arrest or prosecution of a person. Clerks of courts must ensure that affidavits pursuant to R.C. 2935.09 are

---

information, or complaint). We therefore decline to make a determination other than that Crim.R. 12(C) applies.

forwarded to reviewing officials for the proper review to occur before arrest or prosecution as the General Assembly intended.

### III. Conclusion

{¶ 21} We hold that a complaint that meets the requirements of Crim.R. 3 invokes the subject-matter jurisdiction of a trial court. When a complaint and affidavit are signed by a private citizen but are not reviewed by a reviewing official before filing pursuant to R.C. 2935.09, the defect is not jurisdictional but may be the subject of a Crim.R. 12(C) motion before trial.

{¶ 22} In this case, a Crim.R. 12(C) motion was not filed, and the procedural defect was waived by the appellant.

{¶ 23} We affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and LUNDBERG STRATTON, CUPP, and MCGEE BROWN, JJ., concur.

PFEIFER and O'DONNELL, JJ., dissent.

_____

**O'DONNELL, J., dissenting.**

{¶ 24} Respectfully, I dissent.

{¶ 25} A complaint charging a person with a crime can only be filed by a party authorized by law to invoke the jurisdiction of the appropriate judicial tribunal charged with hearing criminal complaints. Accordingly, a party not authorized by law to file a criminal complaint cannot invoke the jurisdiction of a judicial tribunal to hear a criminal matter. Because a private citizen is not authorized to file a criminal complaint, and because the majority has nonetheless concluded that such a filing invokes the jurisdiction of the municipal court to entertain the charged offense, I respectfully dissent.

{¶ 26} On April 16, 2009, Katrina McCall prepared and filed a handwritten affidavit and signed a document notarized by the deputy clerk titled a

"complaint" with the clerk of the Hamilton County Municipal Court, alleging that Mor Mbodji, her husband, had caused physical harm to her. The clerk, without having forwarded the documents to a reviewing official for filing by a prosecutor, issued a warrant to the police chief of Forest Park to have Mbodji brought before the Hamilton County Municipal Court to answer the complaint. The matter proceeded to a bench trial, and the court convicted Mbodji and sentenced him to eight months of community control.

{¶ 27} The principal issue in this case is whether the municipal court ever obtained jurisdiction to convict Mbodji in this situation where the complaint and affidavit were submitted by a private citizen without review by a reviewing official and not filed by a prosecuting attorney.

{¶ 28} R.C. 1901.20(A)(1) provides that a municipal court is authorized to consider misdemeanor offenses committed within the territory of the court. The filing of a complaint initiated by a private citizen is governed by a specific statute, R.C. 2935.09(D), which provides a specific procedure crafted by the legislature: "A private citizen having knowledge of the facts who seeks to cause an arrest or prosecution under this section may file *an affidavit* charging the offense committed with a reviewing official for the purpose of review to determine *if a complaint should be filed* by *the prosecuting attorney or attorney charged by law with the prosecution of offenses* in the court or before the magistrate." (Emphases added.) Thus, there is no legislative authority for a private citizen to file a complaint seeking to cause an arrest or initiate a criminal prosecution.

{¶ 29} In R.C. 2935.09, the General Assembly has established a procedure for a private citizen to file an *affidavit* alleging a criminal offense, and furthermore requires that it be filed with a *reviewing official* for purposes of review to determine *if* a complaint should be filed *by a prosecuting attorney or an attorney authorized to prosecute cases*. R.C. 2935.09 does *not*, however, permit a private citizen to file a *criminal complaint* with the clerk of a court, thereby

triggering the issuance of a warrant. The procedure followed in this case is completely at odds with that authorized by law. The majority acknowledges this fact, but nonetheless concludes that a municipal court has jurisdiction over a criminal prosecution initiated by a private citizen because a document titled "complaint," which contained the information required by Crim.R. 3, had been filed with the clerk of courts. But Crim.R. 3 envisions that a complaint be filed by a prosecuting attorney, not a private citizen.

**{¶ 30}** I would acknowledge that a complaint meeting the requirements of Crim.R. 3 invokes the jurisdiction of the court, provided that document has been filed by a party charged by law with filing such a document. See *Franklin v. Hall* (Apr. 21, 1986), Warren App. No. CA85-06-035*, 1986 WL 4912, *1 ("It is rudimentary that the jurisdiction of a court in a criminal case is invoked by the *filing of a complaint* meeting the requirements of Crim.R. 3" (emphasis added)).

**{¶ 31}** Here, however, by accepting the proposition that a municipal court has jurisdiction to consider a criminal complaint initiated by a private citizen, the majority opens the door to a myriad of unintended consequences, such as the filing of criminal charges by an inmate against a victim of a crime which resulted in the inmate's incarceration; it invites quarrelling neighbors to escalate differences into the criminal realm; and other endless possibilities. I would submit that these kinds of situations prompted the legislature to act to specify a manner for the lawful filing of criminal complaints by private citizens. According to the majority's rationale, any inmate could file a criminal case and cause an arrest warrant to be served on a victim, which that victim must defend against, and it is only *after* the victim has been arrested and required to appear in court that a challenge to the sufficiency of the filing of the complaint could be presented. This is the type of legal exercise that the General Assembly sought to prevent by requiring a private citizen to file an affidavit with a reviewing official who would first assess the matter and determine whether a prosecuting attorney

9

should file a complaint. These basics of procedural due process somehow get lost in the majority's rush to resolve this case.

{¶ 32} Here, Katrina McCall, Mbodji's wife, lacked statutory authority to file a criminal complaint against him and cause his arrest. The statute limited her to submitting an affidavit to a reviewing official. Although she filed an affidavit, no reviewing official ever reviewed it, and no prosecutor or other attorney authorized to prosecute criminal cases filed the criminal complaint. Under these circumstances, I would assert that the procedure followed by the Hamilton County clerk of courts is contrary to law, creates great potential for abuse, and, importantly, failed to properly invoke the court's jurisdiction to act and thereby denied Mbodji procedural due process. For these reasons, I respectfully dissent.

PFEIFER, J., concurs in the foregoing opinion.

_____

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, for appellee.

Law Office of the Hamilton County Public Defender, Robert R. Hastings Jr., and Susannah Meyer, for appellant.

Timothy Young, Ohio Public Defender, and Terrence K. Scott, Assistant Public Defender, urging reversal for amicus curiae, Ohio Public Defender.

_____