[Cite as *State v. Bess*, 2012-Ohio-3333.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | APPEAL NO. C-110700 |
| | | TRIAL NO. 11CRB-22572 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| VIRGINETTA BESS, | : | |
| | | |
| Defendant-Appellant. | : | |
| | : | |
| | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Charge Dismissed

Date of Judgment Entry on Appeal: July 25, 2012

*John Curp,* City Solicitor, *Charles Rubenstein*, City Prosecutor, and *Marva K. Benjamin*, Assistant City Prosecutor*,* for Plaintiff-Appellee.

*Jon Sinclair*, for Defendant-Appellant.

Please note: This case has been removed from the accelerated calendar.

**CUNNINGHAM, Judge.**

{¶1}     Defendant-appellant Virginetta Bess appeals the judgment of the Hamilton County Municipal Court convicting her on the charge of possession of a vicious dog, in violation of Cincinnati Municipal Code 701-6.  We reverse, because the trial court lacked subject-matter jurisdiction where the complaint was not made "under oath."

{¶2}     Bess was issued a citation for possession of a vicious dog—a pit bull—within the city limits.[1]   The issuing officer completed and signed the citation form, which was designed for minor-misdemeanor offenses, and filed it with the court as a formal complaint.  The officer, however, failed to execute the jurat section of the form, thus the "complaint" was not made "under oath."

{¶3}     Bess entered a no-contest plea to the offense, and the trial court convicted her.  She now appeals.[2]

{¶4}     In her sole assignment of error, Bess argues that where the criminal complaint for the first-degree misdemeanor was signed but not notarized, the trial court did not acquire jurisdiction, and the judgment of conviction is a nullity.  We agree.

{¶5}     The procedure to invoke the subject-matter jurisdiction of the municipal court for a first-degree misdemeanor is the filing of a complaint that meets the requirements of Crim.R. 3.  *See* Crim.R. 7(A); *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, paragraph one of the syllabus; *State v. Miller*, 47 Ohio App.3d 113, 114, 547 N.E.2d 399 (1st Dist.1988).

---

[1] This section was amended, effective May 16, 2012, but Bess was prosecuted before the amendment.

[2] The city has not filed an appellate brief.

{¶6} Crim.R. 3 expressly requires (1) "a written statement of the essential facts constituting the offense charged"; (2) "the numerical designation of the applicable statute or ordinance"; and (3) that the complaint "be made under oath before any person authorized by law to administer oaths."

{¶7} In this case, the complaining officer's signature was not notarized. Thus, Bess's contention that the complaint did not comport with the third requirement of Crim.R. 3 is supported by the record. Consequently, the complaint was not valid.

{¶8} In the absence of a valid charging instrument, the trial court lacked subject-matter jurisdiction. *See State v. Green*, 48 Ohio App.3d 121, 121-122, 548 N.E.2d 334 (11th Dist.1988). *See also Miller*, 47 Ohio App.3d at 114, 547 N.E.2d 399; *State v. Brown*, 2 Ohio App.3d 400, 402, 442 N.E.2d 475 (1st Dist.1981).

{¶9} Further, the issue of subject-matter jurisdiction cannot be waived or forfeited and can be raised at any time. *Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, at ¶ 10.

{¶10} Because the municipal court lacked subject-matter jurisdiction, the resulting conviction is a nullity. *Green* at 121-122; *Miller* at 114. Therefore, we sustain the assignment of error. The judgment of the trial court is reversed, and the charge against Bess is dismissed.

Judgment reversed and charge dismissed.

**HILDEBRANDT, P.J.,** and **DINKELACKER, J.,** concur.

Please note:
The court has recorded its own entry on the date of the release of this decision.