[Cite as *State v. Metcalf*, 2012-Ohio-4947.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120041<br>TRIAL NO. 11CRB-36181 |
|     Plaintiff-Appellee, | : | |
|       vs. | : | *O P I N I O N.* |
| JOSHUA METCALF, | : | |
|     Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: October 26, 2012

*John Curp,* City Solicitor, *Charles Rubenstein,* City Prosecutor, and *David Sturkey,* Assistant City Prosecutor, for Plaintiff-Appellee,

*Susannah M. Meyer,* and *Robert R. Hastings, Jr.,* Law Office of the Hamilton County Public Defender, for Defendant-Appellant.

Please note: This case has been removed from the accelerated calendar.

**HILDEBRANDT, Presiding Judge**.

{¶1}     Defendant-appellant Joshua Metcalf appeals the judgment of the Hamilton County Municipal Court convicting him of domestic violence, a misdemeanor of the first degree.

### The Complaint, Affidavit, and Trial

{¶2}     Metcalf and Brandy Barrow have a daughter together.  On November 19, 2011, Cincinnati Police Officer Jacob Hicks filed a complaint against Metcalf alleging domestic violence under R.C. 2919.25.   In setting forth the basis of the charge, the document stated, "[t]he complainant states that this complaint is based on the defendant striking the victim in the forehead with a closed fist."  In the affidavit accompanying the complaint, Hicks alleged that "Metcalf did knowingly cause harm to Brandy Barrow by striking her on her forehead with a closed fist.  Defendant and victim have a child together."

{¶3}     Metcalf was arrested pursuant to a warrant issued by the municipal court, and the case proceeded to a bench trial.  At trial, Barrow testified that Metcalf had punched her after he had discovered that she had been communicating with other men.  The state produced photographic evidence of Barrow's injury.  Metcalf testified that he had not assaulted Barrow, suggesting that she had fabricated the allegations to gain leverage in their custody dispute.

{¶4}     The trial court found Metcalf guilty and sentenced him to 180 days in jail, with credit for 27 days served.  The court suspended the remainder of the days and placed Metcalf on community control.

### Sufficiency of the Affidavit

{¶5}     In his first assignment of error, Metcalf argues that the trial court lacked jurisdiction because of the alleged deficiency of the affidavit accompanying the complaint.  He contends that the affidavit contained insufficient factual information for

2

a neutral magistrate to determine that probable cause existed. Therefore, he maintains that Officer Hicks in effect made the determination that there was sufficient evidence for the issuance of a warrant.

{¶6}    We find no merit in this argument. The filing of a complaint invokes the jurisdiction of the municipal court. *State v. Miller,* 47 Ohio App.3d 113, 114, 547 N.E.2d 399 (1st Dist.1988). Under Crim.R. 3, a valid complaint must contain "a written statement of the essential facts constituting the offense charged" in addition to "the numerical designation of the applicable statute or ordinance." Finally, the complaint must be "made upon oath before any person authorized by law to administer oaths." Crim.R. 3.

{¶7}    In this case, the complaint fully complied with Crim.R. 3. It cited R.C. 2919.25 and stated that Metcalf had caused physical harm to a person with whom he had a child. The complaint was sworn to and subscribed before a deputy clerk of the municipal court. Thus, the trial court had subject-matter jurisdiction.

{¶8}    In arguing that the complaint was subject to dismissal, Metcalf in essence contends that there was a defect in the institution of the prosecution. But Crim.R. 12(C) provides as follows:

> [t]he following must be raised before trial: (1) Defenses and objections based on defects in the institution of the prosecution; (2) Defenses and objections based on defects in the indictment, information, or complaint (other than failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding.)

Crim.R. 12(H) states that the "[f]ailure by the defendant to raise defenses or objections or to make requests that must be made prior to trial * * * **shall** constitute waiver of the defenses or objections." (Emphasis added.)

{¶9}    In the case at bar, Metcalf did not challenge sufficiency of the allegations to support the warrant in a pretrial motion.  Thus, we hold that he waived any challenge to the allegedly defective affidavit.

{¶10}    In doing so, we are guided by the holding of the Supreme Court of Ohio in *State v. Mbodji,* 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025.  In *Mbodji,* the court addressed the issue of whether the failure of the clerk of courts to forward a privately filed complaint to a neutral "reviewing official" under R.C. 2935.09 divested the municipal court of jurisdiction.  The court answered that question in the negative, holding that the lack of review had been waived by the defendant's failure to file a pretrial motion to challenge the institution of the proceedings.  *Id.* at paragraph two of the syllabus.  The court emphasized that "[a]ny procedural defect in the prosecution or the complaint and associated affidavit because of the lack of review pursuant to R.C. 2935.09 could have been remedied through a Crim.R. 12(C) motion."  *Id.* at ¶ 19.

{¶11}    Thus, the procedural protection of having a detached reviewing official authorize the institution of a criminal proceeding is a safeguard that is waived if not challenged in a pretrial motion.

{¶12}    In arguing for reversal, Metcalf relies heavily on *State v. Jones,* 7th Dist. No. 11 MA 60, 2012-Ohio-1301.  In *Jones,* a police officer filed a complaint for selling alcohol to an underage person without filing an accompanying affidavit.  *Id.* at ¶ 7.  The complaint merely contained a statement that the defendant had committed the offense on a certain date at a certain place, without any statement as to the source of the officer's knowledge about the offense.  *Id.* at ¶ 4.  The trial court overruled the defendant's motion to dismiss based upon the defects in the institution of the proceedings.  *Id.* at ¶ 13.  The Seventh Appellate District reversed the

defendant's conviction and ordered the warrant quashed based on the lack of meaningful review of the complaint. *Id.* at ¶ 61.

{¶13}   We find *Jones* to be distinguishable from the case at bar. The defendant in *Jones* preserved her right to challenge the institution of the proceedings by filing a motion to dismiss under Crim.R. 12(C). Thus, the issue of waiver addressed in *Mbodji* was inapplicable. By contrast, Metcalf's failure to file such a motion resulted in a waiver of his rights, and we overrule the first assignment of error.

### The Oaths Supporting the Complaint and Affidavit

{¶14}   In his second and third assignments of error, Metcalf argues that the trial court lacked jurisdiction because the complaint and affidavit did not reflect that they had been sworn before a person authorized to administer an oath. Specifically, he argues that the documents did not identify the state and county where the oath was administered and did not specify that the person administering the oath was a deputy clerk of Hamilton County. We address the assignments of error together.

{¶15}   As we have already noted, a complaint must be sworn before a person authorized to administer oaths. Crim.R. 3. In this case, the documents demonstrated that the person who notarized both the complaint and the affidavit had the authority to do so. Both documents were captioned "Hamilton County Municipal Court" and indicated that the person administering the oath was a deputy clerk. The complaint included an additional stamp stating, "TRACY WINKLER, COURT OF HAMILTON CO. MUNICIPAL COURT." Under these circumstances, the complaint and affidavit contained sufficient indicia that the oaths were administered in Hamilton County, Ohio and were therefore valid. We overrule the second and third assignments of error.

## Conclusion

**{¶16}**    The judgment of the trial court is affirmed.

Judgment affirmed.

**HENDON** and **CUNNINGHAM, JJ.,** concur.


Please note:

The court has recorded its own entry this date.