[Cite as *State v. Dees*, 2016-Ohio-2772.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                               :

      Plaintiff-Appellee,                 :         CASE NO.  CA2015-09-166

                                   :         O P I N I O N
                                   :         5/2/2016

      - vs -                                     :

                                   :

JASON M. DEES,                               :

      Defendant-Appellant.                :


APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. 15CRB02805


Neal D. Schuett, 345 High Street, 2nd Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Fred Miller, Baden & Jones Building, 246 High Street, Hamilton, Ohio 45011, for defendant-appellant


**M. POWELL, P.J.**

{¶ 1}  Defendant-appellant, Jason Dees, appeals his conviction in the Hamilton Municipal Court for domestic violence.

{¶ 2}  On September 1, 2015, a complaint was filed in the municipal court charging Dees with misdemeanor domestic violence in violation of R.C. 2919.25(A).  On August 31, 2015, following a bench trial, the municipal court found Dees guilty of domestic violence. Dees was sentenced to 90 days in jail with 80 days suspended, and ordered to pay $1,376 in

fines and court costs.

{¶ 3} Dees appeals his conviction, raising two assignments of error.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT PROCEEDED TO CONDUCT A TRIAL WHEN THERE WAS NO VALID COMPLAINT OR OTHER CHARGING INSTRUMENT.

{¶ 6} Dees argues, and the state concedes, that the municipal court lacked subject-matter jurisdiction to convict him because the complaint was neither signed nor made under oath, and was thus invalid under Crim.R. 3.

{¶ 7} Subject-matter jurisdiction involves a court's power to hear a case. *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, ¶ 10. As a result, "the issue can never be waived or forfeited and may be raised at any time." *Id.* The filing of a valid complaint is a necessary prerequisite to a municipal court's acquisition of subject-matter jurisdiction. *Id.* at ¶ 12; *State v. Elliot*, 3d Dist. Seneca No. 13-12-43, 2013-Ohio-2386, ¶ 11.

{¶ 8} Crim.R. 3 defines what constitutes a valid complaint. *Mbodji* at ¶ 12. Crim.R. 3 requires a complaint to contain "a written statement of the essential facts constituting the offense charged," "state the numerical designation of the applicable statute or ordinance," and "be made upon oath before any person authorized by law to administer oaths."

{¶ 9} In the case at bar, the complaint was neither signed by the charging officer nor made under oath, and was therefore not a valid complaint under Crim.R. 3. *State v. Miller*, 47 Ohio App.3d 113 (1st Dist.1988) (municipal court lacked jurisdiction where the complaint was not signed); *State v. Bess*, 1st Dist. Hamilton No. C-110700, 2012-Ohio-3333 (municipal court lacked subject-matter jurisdiction where the charging officer signed the complaint but failed to execute the jurat section); and *State v. Green*, 48 Ohio App.3d 121 (11th Dist.1988) (the complaint was invalid under Crim.R. 3 where the charging officer signed the complaint

but did not sign the jurat). Consequently, in the absence of a valid charging instrument, the municipal court lacked subject-matter jurisdiction to convict Dees of domestic violence.

{¶ 10} Appellant's first assignment of error is accordingly sustained.

{¶ 11} Assignment of Error No. 2:

{¶ 12} APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 13} Given our resolution of the first assignment of error, appellant's second assignment of error is moot. *See* App.R. 12(A)(1)(c).

{¶ 14} The judgment of the municipal court is reversed and Dees is hereby discharged.

{¶ 15} Judgment reversed and Dees discharged.

S. POWELL and RINGLAND, JJ., concur.