[Cite as *State v. Myers*, 2019-Ohio-4914.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


| | | |
|---|---|---|
| CITY OF WASHINGTON COURT HOUSE/STATE OF OHIO, | : | |
| | : | CASE NO. CA2018-12-027 |
| Appellee, | : | O P I N I O N |
| | | 12/2/2019 |
| - vs - | : | |
| | : | |
| DEREK J. MYERS, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM WASHINGTON COURT HOUSE MUNICIPAL COURT
Case No. CRB 1800031


William F. Ballam, Special Prosecutor, Washington Court House, c/o City Attorney, 105 North Main Street, Washington Court House, Ohio 43160, for appellee

Gloria L. Smith, 1900 Polaris Parkway, Suite 450, Columbus, Ohio 43240, for appellant


**HENDRICKSON, P.J.**

{¶ 1} Appellant, Derek J. Myers, appeals a judgment of the Washington Court House Municipal Court that denied his Crim.R. 12(C) motion to dismiss a complaint charging him with violating a protection order.

{¶ 2} On the evening of Saturday, January 6, 2018, Sergeant Matthew Pfeifer with the Washington Court House Police Department was dispatched to the area of Washington

Avenue and South Elm Street in Washington Court House, Fayette County, Ohio in response to a violation of a civil protection order (CPO) in progress. Sergeant Pfeifer made contact with Henry Onions, the victim and person protected by the CPO, and Allison Thompson. Sergeant Pfeifer obtained written statements from Onions and Thompson, who advised the officer that appellant had been following them in his car in violation of a CPO.

{¶ 3} Another officer located appellant in the area described by Onions. Appellant was arrested and transported to the Fayette County Jail. That same night, Sergeant Pfeifer wrote a statement of facts regarding the incident and Onions signed a complaint, which provided as follows:

> The undersigned Complainant, being duly sworn, states that on or about January 6, 2018 within Fayette County, City of Washington C.H., Ohio, Derek J. Myers did, recklessly violate a term of a protection order issued pursuant to section 2919.26 or 3113.31 of the Revised Code; a protection order issued pursuant to section 2151.34, 2903.213 or 2903.214 of the Revised Code; or a protection order issued by a court of another state in violation of section * * * 2919.27A M-1.

{¶ 4} The bottom portion of the complaint contained a summons signed by Sergeant Pfeifer directing appellant to appear in the municipal court on January 10, 2018 at 9:30 a.m. Appellant was served with the complaint and summons on January 6, 2018. The complaint and summons were then filed with the municipal court on January 8, 2018.

{¶ 5} Thereafter, prior to trial, appellant, acting pro se, filed a Motion to Dismiss and a First Amended Motion to Dismiss with the court, in which he argued that pursuant to Crim.R. 12(C)(1) and (2), the matter should be dismissed as "the Complaint [was] invalid and the institution of the prosecution was defective" because a "reviewing official" had not reviewed the private citizen complaint filed by Onions, as required by R.C. 2935.09(D). On September 10, 2018, appellant, now represented by counsel, filed a supplemental memorandum in support of his motion to dismiss. Appellant again argued the statutory procedures set forth in

- 2 -

R.C. 2935.09(D) had not been followed in the filing of a private citizen complaint. Appellant further argued that the complaint was invalid as "[t]he complaint/affidavit filed * * * lacks any information to possibly make a determination of probable cause. It merely recites the statutory elements."

{¶ 6} The trial court denied appellant's motion to dismiss, and appellant subsequently entered a no contest plea to the charge of violating a protection order. The trial court found appellant guilty, sentenced him to 180 days in jail, and ordered him to pay court costs and a $100 fine.

{¶ 7} Appellant timely appealed from his conviction, raising the following as his only assignment of error:

{¶ 8} THE TRIAL COURT ERRED BY DENYING THE DEFENDANT'S MOTION TO DISMISS.

{¶ 9} In his sole assignment of error, appellant argues the trial court erred in denying his motion to dismiss as the complaint filed by Onions, a private citizen, did not comply with R.C. 2935.09(D) and did not set forth facts for a determination that there was probable cause to believe that an offense had been committed and that appellant had committed the offense.[1]

{¶ 10} When reviewing a trial court's decision regarding a motion to dismiss, an appellate court applies a de novo standard of review. *State v. Shalash*, 12th Dist. Warren No. CA2014-12-146, 2015-Ohio-3836, ¶ 21; *State v. Parr*, 10th Dist. Franklin No. 17AP-782, 2019-Ohio-4011, ¶ 11.

---

1. Appellant attempts to assert an additional argument within his sole assignment of error, arguing that the complaint should be dismissed pursuant to R.C. 2935.05 and 2935.08 because law enforcement failed to seek or obtain a warrant after arresting and detaining him on January 6, 2018. This issue, however, was not raised by appellant in his original motion to dismiss, his first amended motion to dismiss, or his supplemental memorandum in support of his motion to dismiss. "It is well-settled that issues not raised in the trial court may not be raised for the first time on appeal." *State v. Guzman-Martinez*, 12th Dist. Warren No. CA2010-06-059,

{¶ 11} "The filing of a complaint invokes the jurisdiction of the municipal court." *State v. Mbodji,* 129 Ohio St.3d 325, 2011-Ohio-2880, ¶ 12. Crim.R. 3 defines what constitutes a valid complaint and it provides that a "complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths."

{¶ 12} Generally, the requirements of a complaint or an indictment may be met by reciting the language of the criminal statute. *State v. Childs*, 88 Ohio St.3d 194, 199 (2000), citing *State v. Murphy*, 65 Ohio St.3d 554, 583 (1992). *See also State v. Burdine-Justice*, 125 Ohio App.3d 707, 711 (12th Dist.1998) ("It is well-established that a charging instrument, including a complaint, is sufficient if it tracks the language of the statute").

{¶ 13} In the present case, the complaint filed by Onions on January 8, 2018 tracked the language of the statute for a violation of a protection order. Specifically, the complaint stated that appellant, "on or about January 6, 2018 within Fayette County, City of Washington C.H., Ohio * * * did, recklessly violate a term of a protection order issued pursuant to section 2919.26 or 3113.31 of the Revised Code; a protection order issued pursuant to section 2151.34, 2903.213 or 2903.214 of the Revised Code; or a protection order issued by a court of another state," thus setting forth the essential facts of the crime charged. The complaint also specified that those facts showed that appellant acted "in violation of section * * * 2919.27A" of the Revised Code, thus stating the numerical designation of the applicable statute. The complaint was sworn to and signed by the victim, Henry Onions, and was sworn to before a notary public who was authorized to administer oaths. The jurisdiction of the municipal court was, therefore, properly invoked. *See Mbodji,*

2011-Ohio-1310, ¶ 9. As appellant failed to raise this issue below, we will not address this claim for the first time on appeal.

2011-Ohio-2880 at ¶ 12-13.

{¶ 14} Nonetheless, appellant was permitted to attack any procedural defect in the prosecution or complaint in accordance with Crim.R. 12(C). *Id.* at ¶ 14-21. For instance, as the Ohio Supreme Court recognized in *Mbodji,* "[w]hen a criminal complaint and affidavit are signed by a private citizen but are not reviewed by a reviewing official before filing pursuant to R.C. 2935.09, the defect is not jurisdictional but may be the subject of a Crim.R. 12(C) motion before trial." *Id.* at paragraph two of the syllabus.

{¶ 15} Crim.R. 12(C) provides, in relevant part, that

> [p]rior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial:
>
> (1) Defenses and objections based on defects in the institution of the prosecution;
>
> (2) Defenses and objections based on defects in the indictment, information, or complaint (other than failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding).

Crim.R. 12(C)(1) and (2). The record reflects that appellant timely filed his challenge to the complaint, citing to Crim.R. 12(C)(1) and (2) in his motion to dismiss and arguing that the complaint did not comply with R.C. 2935.09.

{¶ 16} R.C. 2935.09 provides for the initiation of a criminal action by a "peace officer" or by a "private citizen." The procedures that apply for the initiation of an action differ depending upon whether the complainant is a "peace officer" or "private citizen." As relevant to the present appeal, R.C. 2935.09(D) provides that

> [a] private citizen having knowledge of the facts who seeks to cause an arrest or prosecution under this section *may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney or attorney charged by law with*

*the prosecution of offenses in the court or before the magistrate.* A private citizen may file an affidavit charging the offense committed with the clerk of a court of record before or after the normal business hours of the reviewing officials of the clerk's office is open at those times. A clerk who receives an affidavit before or after the normal business hours of the reviewing officials shall forward it to a reviewing official when the reviewing official's normal business hours resume.

(Emphasis added.) As used in R.C. 2935.09, a "reviewing official" means "a judge of a court of record, the prosecuting attorney or attorney charged by law with the prosecution of the offenses in a court or before a magistrate, or a magistrate." R.C. 2935.09(A).

{¶ 17} As the supreme court has recognized, "R.C. 2935.09 does not mandate prosecution of all offenses charged by affidavit." *State ex re. Evans v. Columbus Dept. of Law*, 83 Ohio St.3d 174, 175 (1998). Rather, R.C. 2935.09 "must be read *in pari materia* with R.C. 2935.10, which prescribes the subsequent procedure to be followed" after an affidavit is filed. (Emphasis sic.) *State ex rel. Strothers v. Turner*, 79 Ohio St.3d 272, 273 (1997). "[A] private citizen's affidavit charging a violation must first be forwarded to a 'reviewing official' before prosecution may be commenced." *State v. Neeley*, 9th Dist. Summit Nos. 26190 and 26191, 2012-Ohio-4027, ¶ 11, citing R.C. 2935.09(A) and *Mbodji*, 2011-Ohio-2880 at ¶ 21. "Generally, in such a case, the affidavit is incorporated in a formal complaint filed by the prosecuting attorney." *Id.*, citing *State v. Jones*, 11th Dist. Portage Nos. 2010-P-0051 and 2010-P-0055, 2011-Ohio-5109, ¶ 33.

{¶ 18} In this case, Onions, a private citizen, did not file an affidavit with a reviewing official as required by R.C. 2935.09(D). Rather, Onions merely filed a complaint with the municipal court on January 8, 2018 without any review by a reviewing official. Onions' filing, therefore, failed to comply with the requirements of R.C. 2935.09(D). As there was a defect in the complaint and institution of the prosecution, appellant's arguments under Crim.R. 12(C)(1) and (2) were meritorious. We therefore find that the trial court erred in denying

appellant's motion to dismiss.  Appellant's sole assignment of error is sustained and the municipal court's decision denying appellant's motion to dismiss is reversed.  Because of the defect in the complaint, the resulting conviction is a nullity and therefore vacated.  Judgment reversed and the charge dismissed.

S. POWELL and M. POWELL, JJ., concur.