[Cite as *Mentor v. Jarvis*, 2023-Ohio-1538.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

CITY OF MENTOR,

      Plaintiff-Appellee,

- vs -

MICHAEL J. JARVIS,

      Defendant-Appellant.

**CASE NOS. 2022-L-111**
          **2022-L-112**
          **2022-L-114**
          **2022-L-115**

Criminal Appeals from the
Mentor Municipal Court

Trial Court Nos. 2022 CRB 01094
               2022 TRD 03299 A
               2022 TRD 03299 B
               2022 TRD 03299 C

**O P I N I O N**

Decided:  May 8, 2023
Judgment:  Affirmed

*Lisa Klammer*, City of Mentor Prosecutor, 8500 Civic Center Boulevard, Mentor, OH 44060 (For Plaintiff-Appellee).

*Michael J. Jarvis*, pro se, 2274 13th Street, S.W., Akron, OH 44314 (Defendant-Appellant)

EUGENE A. LUCCI, J.

{¶1}  Appellant, Michael J. Jarvis, appeals, pro se, the judgment of the Mentor Municipal Court, finding him guilty on various traffic charges and one charge of obstructing official business.  Appellant challenges the trial court's jurisdiction over the underlying matter; the trial court's judgment denying appellant's motion to continue; and appellant's allegation that the trial judge erred in failing to answer his questions relating to his alleged bias at trial.  We affirm the judgment of the trial court.

{¶2}   On September 26, 2002, a Mentor Police Department patrol officer stopped a vehicle driven by appellant.  The stop was premised upon the officer's observation that the vehicle, belonging to appellant, had a "license plate" that belonged to no specific state or governmental agency.  The plate had a peculiar rendering of a flag resembling that of the United States as well as a sketch of an eagle.  It also bore the following statements or advisements:  "Ohio [-] American State National" and "Notice [-] Private Automobile – Not for hire."

{¶3}   The officer approached appellant, who refused to provide identification. Appellant additionally covered the windshield so the officer could not read the vehicle registration number ("VIN"). After a second officer arrived on the scene, appellant exited the vehicle and ran to the back door, opened it, and proceeded to flip various pieces of mail over, apparently so the officers could not read the address.  Appellant advised the first officer to "mind his own business."  After appellant exited the vehicle, the second officer on the scene was able to obtain the VIN.  The VIN was run through LEADS, and the officers determined the last registration date was December of 2021.

{¶4}   On September 27, 2022, appellant was charged with Display of License Plates, in violation of Mentor Ordinance 335.06, an unclassified misdemeanor; Expired or Unlawful Plates, in violation of Mentor Ordinance 335.10(D), a minor misdemeanor; Use of Illegal License Plates, in violation of Mentor Ordinance 335.11, a misdemeanor of the fourth degree; and Obstructing Official Business, in violation of Mentor Ordinance 525.07, a misdemeanor of the second degree. Appellant entered a plea of not guilty and the matter proceeded to a bench trial.

Case Nos. 2022-L-111, 2022-L-112, 2022-L-114, 2022-L-115

{¶5} During trial, appellant generally objected to the trial court's jurisdiction. The prosecutor, however, represented it had not been served with any motion contesting jurisdiction. The trial court proceeded to overrule the objection. Appellant then sought a continuance, asserting he had been released from jail several days before trial and was not prepared to proceed. The court again overruled the motion. Finally, after the state presented its case, appellant inquired into whether the trial judge had any financial stake in appellant's prosecution. The trial judge stated that appellant's question was ridiculous and inquired into whether appellant wished to testify on his own behalf. Appellant declined. He was found guilty on each charge, fined on each traffic violation and fined and sentenced to a suspended jail sentence on the obstruction charge. This appeal follows.

{¶6} Appellant does not formally assign errors for this court's review. Instead, he sets forth three general captions: (1) Lack of jurisdiction; (2) Denial of due process; and (3) Bias with the judge. He also identifies the following "Issue presented for review":

{¶7} "The trial court erred in granting judgment, where the appellees knew and ignored the diversity jurisdictional challenges made by i the living man as well as the blatant due process violations and the bias because there was no impartial judge presiding over these proceedings." (Sic.)

{¶8} Appellant's "jurisdictional" challenge is not entirely clear. At trial, the trial court acknowledged it received "a general motion form to determine proper jurisdiction." The record does not include an obvious motion that challenged the municipal court's jurisdiction. Moreover, the prosecutor stated she was not served with any filings made on appellant's behalf. The record does, however, include an assortment of unusual

3

documents that are not formally notarized, but instead bear the stamp of "The Ohio Assembly Land and Soil Jurisdiction." One document vaguely indicates that appellant is a "Foreign Sovereign" from the state of Ohio. Another suggests that although appellant is a "citizen of the United States," he never "desired nor intended nor willingly or voluntarily entered into" such citizenship. In the same document, appellant purports to renounce such citizenship. Given the lack of argumentation and the peculiar nature of appellant's posture during trial, we presume his jurisdictional argument is premised upon his purported renunciation of citizenship as well as his apparent membership or tie to a group which identifies as "The Ohio Assembly Land and Soil Jurisdiction."

{¶9} Initially, appellant did not dispute the prosecutor's representation that she was not served with the motion. Crim.R. 49(B) provides:

{¶10} "Whenever under these rules or by court order service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon the party shall be made in the manner provided in Civil Rule 5(B)."

{¶11} Civ.R. 5(B)(4) provides:

> "The served document shall be accompanied by a completed proof of service which shall state the date and manner of service, specifically identify the division of Civ.R. 5(B)(2) by which the service was made, and be signed in accordance with Civ.R. 11. *Documents filed with the court shall not be considered until proof of service is endorsed thereon or separately filed.*" (Emphasis added.)

{¶12} The document which we are treating as appellant's jurisdictional challenge did not include proof of service endorsed by appellant. And no such proof was separately

4

filed. As a result, the trial court was not permitted to consider the filing. In this regard, even though the trial court stated on the record the filing was unfounded and without merit, appellant's failure to follow the rules of service permit this court to disregard his argument.

{¶13} Even had appellant followed proper procedure, his filing would still be meritless. United States Federal courts and courts of Ohio have rejected jurisdictional challenges of those claiming personal sovereignty. *See Speed v. Mehan,* E.D. Mo. No. 4:13CV1841, 2013 WL 5776301, *2 (Oct. 25, 2013) (Status as a Moorish-American citizen does not enable a party to violate state and federal laws without consequence.); *United States v. Lumumba,* 741 F.2d 12, 14-15 (2d Cir.1984) (defendant's alleged status as "Vice President and Minister of Justice of the Provisional Government of the Republic of New Afrika" did not entitle him to immunity from contempt prosecution); *State v. Wyley*, 8th Dist. Cuyahoga No. 102889, 2016-Ohio-1118, ¶ 12 (not acknowledging the Moorish nation as a sovereign state); *State v. Tucker*, 2016-Ohio-1354, 62 N.E.3d 893, ¶ 9 (9th Dist.) (observing that Moorish-American sovereign-citizen arguments have been characterized as "gibberish"). We recognize that appellant does not claim to be a "Moorish-American" or an alleged member of the "Provisional Government of the Republic of New Africka"; still, his claimed status as a "Foreign Sovereign" or a "sovereign, non-resident alien" echoes the same arguments advanced by the parties in those cases. Those cases stand for, among other things, the proposition a party cannot unilaterally bestow sovereignty or sovereign immunity from prosecution upon him or herself to escape the jurisdiction of criminal courts, whether in Ohio or elsewhere in the nation. In short, as

5

long as the court asserting jurisdiction possesses jurisdiction over the subject matter and over the person, it may lawfully proceed. The Mentor Municipal Court possessed both.

{¶14} "A municipal court in Ohio has jurisdiction over misdemeanors occurring within its territorial jurisdiction. R.C.1901.20(A)(1)." *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶ 11. There is no dispute the offenses at issue occurred in Mentor, Lake County, Ohio. And each of the charges were misdemeanors. Thus, the trial court had subject matter jurisdiction.

{¶15} Further, the Mentor Municipal Court possessed jurisdiction over appellant's person. Article 18, Section 3 of the Ohio Constitution affords municipalities the authority to exercise all powers of local self-government, which includes police power to enforce the various municipalities' regulations. *See State v. Galluzzo*, 2d Dist. Montgomery No. 25913, 2014-Ohio-4854, ¶ 8. Since municipal courts have jurisdiction over misdemeanors committed within their territorial limits, there is no question that the Mentor Municipal Court had jurisdiction over appellant for committing a traffic offense within the territorial limits of the city of Mentor. *Id.* at ¶ 8-9.

{¶16} Appellant's jurisdictional challenge lacks merit.

{¶17} Next, appellant asserts the trial court erred in denying his oral motion to continue on the day of trial. We do not agree.

{¶18} "The grant or denial of a continuance is a matter that is entrusted to the broad, sound discretion of the trial judge." *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). "An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion." (Citations omitted.) *Id.* at 67. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-

6

making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.Rev.2004).

**{¶19}** Appellant asserts he was denied due process by the trial court when it denied his request for a continuance on the day of trial. The charges against appellant were filed on September 27, 2022. Trial was held on October 31, 2022. Appellant claimed he was released from jail two and one-half days before trial, but had only one-half day to prepare. Appellant offered no explanation why he failed to prepare for trial in late September or, assuming he could not prepare at all while confined in jail, even the full two and one-half days after his release.

**{¶20}** Moreover, appellant's apparent defense was the trial court lacked jurisdiction over him due to his proclaimed sovereign status. He asserted this defense and the trial court summarily and properly overruled the claim. The charges were straightforward (three of which dealt with appellant's improper license plate and one obstructing official business in the course of the traffic stop which led to the charges). And, as such, the evidence supporting the charges was neither intricate nor convoluted. It is unclear how additional time would have helped appellant prepare to defend the charges, and appellant has not established how he was clearly prejudiced (especially because it appears, given the "motion" or documentation he filed, he wished to rest his primary defense on his claim that the trial court lacked jurisdiction). Under the circumstances, a continuance would only serve to unnecessarily delay the proceedings. We therefore hold the trial court did not abuse its discretion in overruling appellant's oral motion for continuance.

Case Nos. 2022-L-111, 2022-L-112, 2022-L-114, 2022-L-115

{¶21} Appellant's final argument asserts the trial judge erred by refusing to answer questions relating to any financial interest he might have in the proceedings. Appellant contends this created a bias and the matter should be reversed on this basis. We do not agree.

{¶22} Initially, the judge in this matter sat as the trier of fact and was not a party subject to sworn examination. Moreover, appellant's question regarding whether the judge had a "financial interest" in the underlying case was completely unrelated to appellant's defense or the prosecutor's evidence; as such, it was not relevant to the proceedings. We therefore fail to see any reason that the judge was required to answer the question or conduct a discussion with appellant on the issue.

{¶23} Further, appellant's question had no obvious basis other than his arguable frustration with the way in which the proceedings unfolded. The judge overruled appellant's jurisdictional challenge and also overruled his motion for a continuance. These legal rulings, however, do not set a foundation for judicial bias. "[A] party's disagreement or dissatisfaction with a court's rulings of law, without more, does not demonstrate bias or prejudice." *In re Disqualification of Hurley*, 113 Ohio St.3d 1228, 2006-Ohio-7229, 863 N.E.2d 630, ¶ 4. Appellant's presumption that the court was somehow biased against him not only has no foundation, but is completely unrelated to the substance of the proceedings.

{¶24} With these problems in mind, it would appear the remedy appellant seeks is recusal of the trial court judge. Even if appellant had a plausible foundation for his claim, this court lacks authority to enter such an order.

Case Nos. 2022-L-111, 2022-L-112, 2022-L-114, 2022-L-115

{¶25} If a municipal court judge is alleged to have a bias or prejudice for or against any party to a proceeding pending before the judge, or be otherwise disqualified to preside over the proceeding, any party to the proceeding may file an affidavit of disqualification with the clerk of the Ohio Supreme Court. R.C. 2701.031. "R.C. 2701.031 provides the exclusive means by which a litigant may claim that a municipal court judge is unduly interested, biased, or prejudiced." (Citation omitted.) *Columbus Checkcashers, Inc. v. Guttermaster, Inc.*, 10th Dist. Franklin No. 13AP-106, 2013-Ohio-5543, ¶ 33.

{¶26} In order to proceed with an allegation of bias, a party must comply with the procedures set forth under R.C. 2701.03(B) (setting forth the necessary criteria for filing the affidavit) and R.C. 2701.03(E) (explaining that if the clerk of the Supreme Court of Ohio accepts the affidavit, how the Chief Justice or another Justice appointed by the same shall address the affidavit). *See* R.C. 2701.031. No affidavit of disqualification was filed with the clerk of the Supreme Court and thus the Chief Justice or designated Justice was not presented with the opportunity to review appellant's potential concerns. As appellant failed to follow the proper procedural channels to have his concerns addressed, and R.C. 2701.031 and R.C. 2701.03(B) and (E) are the sole mechanisms to address a municipal court judge's alleged bias, we lack jurisdiction to address appellant's argument. *See State v. Jones,* 11th Dist. Portage No. 2008-P-0018, 2008-Ohio-6994, ¶ 16.

{¶27} For the reasons discussed in this opinion, each of the issues raised by appellant lack merit. The judgments of the Mentor Municipal court are therefore affirmed.

JOHN J. EKLUND, P.J.,

MARY JANE TRAPP, J.,

concur.

9

Case Nos. 2022-L-111, 2022-L-112, 2022-L-114, 2022-L-115